Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ELMER FIGUEROA ARCE Y OTROS<br><br>*Demandantes-Recurridos*<br><br>v.<br><br>QUALCON GENERAL CONTRACTOR, INC Y OTROS<br><br>*Demandados*<br><br>***CARLOS D. LEBRÓN GÓMEZ, NANETTE M. DE LA ROSA MARTÍNEZ Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES CONSTITUIDA POR ELLOS***<br><br>***Demandados-Peticionarios*** | KLCE202500004 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2024CV02795 (803)<br><br>Sobre: Daños por Vicios de Construcción y otros |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de febrero de 2025.

Comparece ante nosotros, mediante recurso de *certiorari*, el señor Carlos Lebrón Gómez, la señora Nanette M. De La Rosa Martínez y la sociedad legal de bienes gananciales constituida por ellos (parte peticionaria) y solicitan la revocación de una *Resolución* dictada el 2 de diciembre de 2024, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). En el referido dictamen, el TPI dejó sin efecto la *Sentencia Parcial* mediante la cual había declarado Ha Lugar la *Moción de Desestimación* presentada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, **desestimamos** el presente recurso, por falta de jurisdicción.

Número Identificador

RES2025_____

**I.**

El 1 de agosto de 2024, el señor Elmer Figueroa Arce, la señora Marina Elizabeth Maronesse y la sociedad legal de gananciales compuesta por ambos (parte recurrida), presentaron *Demanda*[1] contra Qualcon General Contractor (Qualcon); Ing. Carlos D. Lebrón Gómez, su esposa, la señora Nanette M. De La Rosa Martínez y la sociedad legal de bienes gananciales constituida por ambos; Quality Glazing Contractors, Inc. (Quality); Ing. Daniel Lebrón Gómez, su esposa, señora Fulana de Tal y la sociedad legal de gananciales; el señor Carlos Mario Jiménez Costa & Codiseño Inc. (Codiseño), su esposo, Julián de Tal y la sociedad legal de gananciales compuesta por ellos; Héctor A. González Quiñones, su esposa, Sutana de tal y la sociedad legal de gananciales compuesta por ellos; Cooperativa de Seguros Múltiples de Puerto Rico; Triple S y Compañía de Seguros A, B, C.

El 27 de septiembre de 2024, el señor Héctor González Quiñones[2] presentó, por derecho propio, una *Moción Sobre Demanda*[3]. El 9 de septiembre de 2024, se presentó *Moción para Asumir Representación Legal*[4] de Triple S. El 16 de septiembre de 2024, la Cooperativa de Seguros Múltiples de Puerto Rico presentó *Moción de Prórroga*[5]. El 21 de octubre de 2024, el señor Daniel Lebrón Gómez y su esposa, la señora Rosemary Rivera y la sociedad legal de gananciales compuesta por ambos, presentaron *Moción de Desestimación*[6], ese mismo día, Quality presentó *Contestación a la*

---

[1] Véase Apéndice de la parte peticionaria a las págs. 1-13.
[2] El TPI concedió prórroga, la cual fue debidamente notificada. Posterior a este evento, el TPI no ha notificado al señor Héctor González Quiñones, tampoco ha utilizado los preceptos de la Regla 45.1. Anotación. (32 LPRA Ap. V, R. 45.1) Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía. El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
[3] Véase entrada #42 de SUMAC.
[4] Véase entrada # 21 de SUMAC.
[5] Véase entrada # 24 de SUMAC
[6] Apéndice de la parte peticionaria a las págs. 14-22.

*Demanda*[7]. El 23 de octubre de 2024, Qualcon contestó la Demanda, reconvino y presentó Demanda contra tercero[8] y, el 25 de octubre de 2024, la parte peticionaria presentó *Moción de Desestimación*[9]. El 29 de octubre de 2024, Codiseño presentó su *Contestación a la Demanda*[10].

En lo pertinente a la controversia ante nuestra consideración, la parte peticionaria nos solicita que este foro revoque la Resolución del 2 de diciembre de 2024, en la cual el TPI reconsideró y declaró No Ha Lugar la Moción de Desestimación y los mantuvo en el pleito. Recibido el petitorio, el 15 de enero de 2025 emitimos *Resolución*, en la que concedimos un término de diez (10) días a la parte recurrida para que se expresara sobre el recurso presentado. El 23 de enero de 2025, la parte recurrida presentó *Moción de Desestimación*, en síntesis, alegó que una de las partes en el pleito, el señor Héctor A. González Quiñones (Ing. González Quiñones), no fue notificado sobre la presentación del recurso de *Certiorari.* Así pues, la parte recurrida solicitó la desestimación del *Certioirari* por incumplir con la Regla 33 (A) y (B) del Reglamento del Tribunal de Apelaciones[11].

El 29 de enero de 2025, la parte peticionaria presentó *Oposición a Moción de Desestimación.* Expresó que, al recibir la *Moción de Desestimación* presentada por la parte recurrida, notificaron copia del recurso al Ing. González Quiñones. Alegó que al momento de realizarse las notificaciones confiaron en el expediente del TPI.

Por mandato de nuestro Tribunal Supremo, procedemos a atender la cuestión jurisdiccional presentada por la parte recurrida.

---

[7] Apéndice de la parte peticionaria a las págs. 23-36.
[8] Apéndice de la parte peticionaria a las págs. 39-48.
[9] Apéndice de la parte peticionaria a las págs. 51-60.
[10] Apéndice de la parte peticionaria a las págs. 70-75.
[11] 4 LPRA Ap. XXII-B, R. 33.

**II.**

**-A-**

La jurisdicción es la autoridad que tiene el tribunal para atender los méritos de una controversia[12]. La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay[13]. Por lo tanto, los tribunales deben ser celosos guardianes de su jurisdicción y **están obligados a considerar dicho asunto aún en ausencia de señalamiento a esos efectos por las partes, esto es, *motu proprio***[14]. (Énfasis suplido).

Nuestro Tribunal Supremo ha expresado que "[l]as cuestiones de jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia"[15]. De carecer de jurisdicción, lo único que puede hacer un tribunal es así declararlo y desestimar el caso"[16]. Esto está basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultra vires*[17].

Como corolario de ello, la Regla 83(B) del Tribunal de Apelaciones[18], nos faculta para desestimar un recurso por falta de jurisdicción, ya sea *motu proprio* o por solicitud de parte.

**-B-**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[19]. La determinación de

---

[12] *S.L.G. Solá-Maldonado v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007).

[13] *Maldonado v. Junta de Planificación, supra.*

[14] *S.L.G. Solá-Maldonado v. Bengoa Becerra, supra*, pág. 682; *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 362 (2001), *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *García Ramis v. Serrallés*, 171 DPR 250, 254 (2007).

[15] *Freire Ayala v. Vista Rent*, 169 DPR 418, 433 (2006).

[16] *S.L.G. Solá-Maldonado v. Bengoa Becerra, supra*, págs. 682-683; *Freire Ayala v. Vista Rent, supra*; *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005).

[17] *Maldonado v. Junta de Planificación, supra.*

[18] 4 LPRA Ap. XXII-B, R. 83(B).

[19] Véase *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).

expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial[20]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[21]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[22].

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil[23]. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo"[24]. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[25].

En consecuencia, las determinaciones que cumplan con la Regla 52.1 de las de Procedimiento Civil, *supra*, pueden ser objeto de revisión y el tribunal apelativo ejercerá su discreción para decidir si expide o no el recurso de *certiorari*. Los criterios que este Tribunal de Apelaciones examina para ejercer su discreción se encuentran recogidos en la Regla 40 de nuestro Reglamento, 4 LPRA XXII-B, R. 40. Esta norma procesal dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

---

[20] *Íd.*
[21] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia, supra*, pág. 91.
[22] *Íd.*
[23] 32 LPRA Ap. V, R. 52.1.
[24] *Íd.*
[25] *Íd.*

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, para ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios antes enumerados, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto de *certiorari*[26]. Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirijan[27].

-**C**-

Conforme reconoce el estado de derecho vigente, el alegato constituye el instrumento por el cual el Tribunal de Apelaciones puede aquilatar y justipreciar los argumentos de quien acude a su auxilio. El incumplimiento de los requisitos exigidos para su contenido imposibilita que el recurso se perfeccione a cabalidad. Lo anterior redunda en privar al tribunal intermedio de autoridad para atender el asunto que se le plantea, puesto que dicha comparecencia se reputa como un breve y lacónico anuncio de una intención de apelar[28]. En lo aquí concerniente, si bien todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise

---

[26] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).

[27] *IG Builders et al. v. BBVAPR, supra*; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).

[28] *Morán v. Martí,* 165 DPR 356 (2005).

los dictámenes emitidos por un tribunal inferior, ello está condicionado a que la parte interesada observe con rigor el cumplimiento de las disposiciones reglamentarias pertinentes[29]. En este contexto, el estado de derecho es enfático al reconocer que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales"[30].

La verificación de todos los requisitos de forma y de contenido previstos para las diversas gestiones apelativas, no sólo resulta en beneficio del foro intermedio, sino también de la parte contra la cual las mismas se prosiguen. En cuanto a lo que nos atañe, la *notificación* constituye el medio por el cual una parte contraria adviene al conocimiento eficaz de un trámite en alzada iniciado respecto a su persona, ello mediante la presentación del recurso correspondiente. En este contexto, pertinente a los recursos de *certiorari*, la Regla 33(B) del Reglamento del Tribunal de Apelaciones[31], dispone como sigue:

**Regla 33 - Presentación y notificación**

[...]

(B) Notificación del recurso a las partes

La parte peticionaria notificará la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación, a los abogados(as) de récord, o en su defecto, a las partes, así como al Procurador(a) General y al (a la) Fiscal de Distrito en los casos criminales, dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto. Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo. Cuando se efectúe por correo, se remitirá la notificación a los abogados(as) de las partes o a las partes, cuando no estuvieron representadas por abogado(a), a la dirección postal que surja del último escrito que conste en el expediente del caso. Cuando del expediente no surja una dirección, de estar la parte representada por abogado(a), la notificación se hará a la dirección que de éste(a) surja del registro que a esos efectos lleve el Secretario(a) del Tribunal Supremo. La parte peticionaria certificará el hecho de la notificación en la propia solicitud de *certiorari.* La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes. La notificación mediante entrega

---

[29] *García Morales v. Mercado Rosario,* 190 DPR 632 (2014); *Soto Pino v. Uno Radio Group, supra.*
[30] *Febles v. Romar,* 159 DPR 714, 722 (2003).
[31] 4 LPRA Ap. XXII-B, R. 22(B),

personal deberá hacerse en la oficina de los abogados(as) que representen a las partes, entregándola a éstos(as) o a cualquier persona a cargo de la oficina. De no estar la parte representada por abogado(a), se entregará en el domicilio o dirección de la parte o de las partes, según ésta surja de los autos, a cualquier persona de edad responsable que se encuentre en la misma. En caso de entrega personal se certificarán la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas cuarenta y ocho (48) horas. El término aquí dispuesto será de cumplimiento estricto.

**III**.

En su comparecencia, el peticionario expresamente admite que no notificó a la recurrida su recurso *de certiorari,* tal cual lo exige la Regla 33 (B) del Reglamento del Tribunal de Apelaciones, *supra.* A los fines de imprimir eficacia jurídica a dicha omisión, invoca que notificó a las partes que el TPI había notificado previamente.

El Tribunal Supremo ha expresado que: *"Para el perfeccionamiento adecuado de un recurso presentado ante el foro apelativo intermedio es necesario la oportuna presentación y la notificación del escrito a las partes apeladas"*[32]. Así pues, el peticionario estaba obligado a notificarle el presente recurso a la luz de los requerimientos reglamentarios aplicables a todas las partes del pelito[33].

Dado al incumplimiento aquí señalado, respecto al cual existe una admisión expresa, estamos impedidos de entender sobre la controversia que se nos propone. La falta de notificación oportuna a las partes del presente recurso de *certiorari,* implica que el peticionario no perfeccionó su causa a tenor con las disposiciones y exigencias pertinentes. Siendo así, por incidir en nuestra jurisdicción para poder ejercer las funciones de revisión que nos asisten, solo podemos proveer para su desestimación.

---

[32] *González Pagán v SLG Moret-Brunet*, 202 DPR 1062, 1063, 1070 (2019).
[33] Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).

## IV.

Por los fundamentos que anteceden, ***desestimamos*** el recurso de *certiorari*, por falta de jurisdicción. En consecuencia, devolvemos el presente caso al foro primario para la continuación de los procedimientos, de conformidad con lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


                                Lcda. Lilia M. Oquendo Solís
                          Secretaria del Tribunal de Apelaciones